This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                       NO.    29,721

**LEWIS BYRD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Reed S. Sheppard, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Office of Steven P. Archibeque
Steven P. Archibeque
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals his convictions for possession of a firearm by a felon and for false imprisonment, as well as the enhancement of his sentence pursuant to the

Habitual Offender Act.  **[RP 209, 193, 233, 238]**  Our notice proposed to affirm, and Defendant filed an untimely memorandum in opposition.  We remain unpersuaded by Defendant's arguments and therefore affirm.

**Issue (A).**  Defendant continues to argue that the prohibition against double jeopardy was violated when the State used the same prior felony conviction both to convict him of being a felon in possession of a firearm and to enhance his sentence. **[RP 222; DS 6; MIO 4-5]**

In support of his argument, Defendant refers **[MIO 4]** to *State v. Haddenham*, 110 N.M. 149, 152-54, 793 P.2d 279, 282-84 (Ct. App. 1990) (holding that using the same prior felony convictions both to enhance the defendants' sentences for felon in possession of a firearm and to prove that the defendants were felons, an element of the underlying conviction for felon in possession of a firearm, violated the defendants' double jeopardy rights).  Defendant refers also to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985) in support of his argument.  **[MIO 5]**  As discussed in our notice, because the prior felony that served as the predicate for Defendant's felon-in-possession-of-a-firearm conviction was not also used as a predicate for an habitual-offender enhancement *of the same felon in possession conviction*, no double jeopardy violation took place.

2

*See, e.g., State v. Handa*, 120 N.M. 38, 46, 897 P.2d 225, 233 (Ct. App. 1995) (holding no double jeopardy violation where the same prior felony was used to establish the felon in possession of a firearm conviction and to provide the basis for enhancement of the assault conviction).

**Issue (B).** Defendant continues to argue that the evidence was insufficient to support his conviction for false imprisonment. **[DS 6; RP 5]** Defendant again refers to *Franklin* and *Boyer* in support of his argument. **[MIO 7]**

We review the evidence to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). Under this standard, "[w]e view the evidence in the light most favorable to supporting the verdict and resolve all conflicts and indulge all inferences in favor of upholding the verdict." *State v. Hernandez*, 115 N.M. 6, 26, 846 P.2d 312, 332 (1993). We do not re-weigh the evidence, nor substitute our judgment for that of the fact-finder, so long as there is sufficient evidence to support the verdict. *Sutphin*, 107 N.M. at 131, 753 P.2d at 1319.

Defendant's conviction for false imprisonment requires findings that Defendant restrained and/or confined Victim against her will; that Defendant knew he had no authority to restrain or confine Victim; and that this happened on or about November 16, 2006. **[MIO 6; RP 155, 167, 193, 237]** *See* NMSA 1978, § 30-4-3 (1963); UJI 14-401 NMRA.

The State presented evidence that Victim told police that Defendant restrained and sexually assaulted her in a car after they met at a bar. **[DS 4; MIO 6]** We hold that this testimony constitutes sufficient evidence to support Defendant's conviction for false imprisonment. *See State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction). Although Victim's statements to the police had not been recorded **[MIO 6]**, Defendant's DNA was not the source of the DNA collected from Victim's cervix and vaginal area **[MIO 6]**, and Defendant denied having restrained Victim **[DS 4; MIO 6]**, these were matters for the jury to consider and to weigh. *See State v. Gurule*, 2004-NMCA-008, ¶ 38, 134 N.M. 804, 82 P.3d 975 (recognizing that it is up to the jury to weigh the testimony and contradictory evidence and believe or disbelieve any testimony it hears); *see also*

*State v. Sutphin*, 107 N.M. at 131, 753 P.2d at 1319 (holding that the fact-finder may reject defendant's version of events).

   **Conclusion.**  Based on our notice and the foregoing discussion, we affirm.

   **IT IS SO ORDERED**.


_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**ROBERT E. ROBLES, Judge**