This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                          **NO. 32,254**

**NELSON BEGAY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals his convictions for misdemeanor aggravated DWI (refusal) and felony aggravated fleeing an officer. [RP 100] Our notice proposed to affirm and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

As recognized by Defendant, both of his convictions require findings that he was the driver. *See* NMSA 1978, § 66-8-102(A), (D)(3) (2010) (aggravated DWI, refusal); NMSA 1978, § 30-22-1.1 (2003) (aggravated fleeing a law enforcement officer). For both convictions, Defendant continues to argue that there was insufficient evidence based on his assertion that there was a lack of evidence to show that he was the driver of the Pontiac. [DS 4; MIO 3]

Although no officer actually saw Defendant driving the Pontiac with the tinted windows [DS 3; MIO 5], for reasons detailed in our notice, we hold that the State presented ample circumstantial evidence to show that Defendant was the driver. In pertinent part, we hold that evidence of Defendant running away from the crash scene shortly after the collision when no other individuals were observed in the area constitutes circumstantial evidence that Defendant was the driver. [DS 3; RP 55, 57] *See State v. Duran*, 2006-NMSC-035, ¶ 5, 140 N.M. 94, 140 P.3d 515 ("The test for sufficiency of the evidence is whether substantial evidence of either a direct *or*

*circumstantial nature* exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." (emphasis added) (internal quotation marks and citation omitted)); *see also State v. Pacheco*, 2008-NMCA-131, ¶ 36, 145 N.M. 40, 193 P.3d 587 (recognizing that flight evidence may be considered as circumstantial evidence of guilt). While Defendant maintains that it was "equally plausible" that Defendant was a passenger in the Pontiac rather than the driver [MIO 5], by convicting Defendant the jury necessarily believed otherwise. *See, e.g.*, *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the [fact-finder] has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence.").

For reasons discussed above and in our notice, we hold that substantial evidence supports Defendant's convictions. *See State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App.1985) (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction). We therefore affirm.

**IT IS SO ORDERED.**

_____

**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**TIMOTHY L. GARCIA, Judge**