694 P.2d 1382

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Seth SPARKS, Defendant-Appellant.**

No. 7714.

Court of Appeals of New Mexico.

Jan. 15, 1985.

Paul G. Bardacke, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Thomas J. Horne, Thomas J. Horne, P.C., Albuquerque, for defendant-appellant.

## OPINION

ALARID, Judge.

Defendant, Seth Sparks, appeals from his convictions on nine counts of making false statements contrary to NMSA 1978, Section 7-1-73(A) (Repl.Pamp.1983). Each count relates to a New Mexico Individual Income Tax Return filed on behalf of other persons in 1981. In his appeal the defendant presents six issues for consideration by this court: first, whether there was sufficient evidence to show intent on each count; second, whether the trial court erred in allowing the introduction of tax returns which were not the subject of the indictments; third, whether the trial court erred in refusing to allow the introduction of a handwritten note prepared by the defendant; fourth, whether the trial court erred in giving an accomplice liability instruction for count nine; fifth, whether the trial court erred in failing to give certain instructions requested by the defendant; and sixth, whether the district court's sentence was authorized under NMSA 1978, Section 31-18-13(B) (Repl.Pamp.1981). We find that substantial evidence exists to support defendant's convictions, that the trial court did not err with regard to the evidentiary questions raised, and that the trial court properly instructed the jury. De-

fendant's convictions are affirmed. We do find, however, that the trial court imposed sentences which were not in accordance with the directive of Section 31-18-13(B) and, therefore, this case will be remanded for resentencing.

## DISCUSSION

### I. Sufficiency of the Evidence

Defendant's brief is clearly in violation of NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.Rule 501 (Repl. Pamp.1983). Rule 501(a)(3) requires a short resume "of all facts relevant to the issues presented for review, with appropriate references to the record proper and transcript of proceedings." Rule 501(a)(4) requires that the argument on each issue "shall contain * * * citations to the * * * parts of the record and transcript relied upon." *See State v. Reese,* 91 N.M. 76, 570 P.2d 614 (Ct.App.1977). Defendant argues in his brief that the evidence was insufficient without telling this court what the evidence was and where the evidence appears in the transcript. Normally, the consequence of the rule violation is that we will not review the evidence. *City of Farmington v. Sandoval,* 90 N.M. 246, 561 P.2d 945 (Ct.App.1977). However, in this case we briefly review the evidence as to each count to inform the reader concerning crimes of a type new to this panel.

### A) Count I

In Count I, defendant was charged with willfully making and subscribing a New Mexico Individual Income Tax Return for Frederick Thompson which contained a written declaration that it was made under penalty of perjury, and which the defendant did not believe was true and correct, contrary to Section 7-1-73(A). Defendant was in the business of purchasing tax returns from taxpayers and preparing returns. In 1981, Frederick Thompson sold his (Thompson's) W-2 tax forms to the defendant with the agreement that the defendant would pay him cash, and that defendant would get any refund paid by the state. Thompson testified that the defend-

ant did not ask him whether he had any dependents.

A tax return was filed with the state. The state's handwriting expert testified that the defendant filled out and signed this return. This return listed Thompson as having five dependent children. Thompson testified that he did not have five children and did not recognize the names of the children on the return. He testified that the address and the signature on the return were not his address and signature. An examination of State's Exhibit No. 18 reveals that it was signed under penalty of perjury. The signature line for a preparer other than the taxpayer is blank.

■ Section 7–1–73 requires a finding of willful conduct. "Willful conduct" involves the defendant's state of mind, which is covered in NMSA 1978, UJI Crim. 1.50 (Repl.Pamp.1982), the general criminal instruction. *State v. Masters*, 99 N.M. 58, 653 P.2d 889 (Ct.App.1982); *State v. Aranda*, 94 N.M. 784, 617 P.2d 173 (Ct.App. 1980); *compare State v. Martin*, 90 N.M. 524, 565 P.2d 1041 (Ct.App.1977). The existence or nonexistence of such intent is a question of fact for the jury. *State v. Roybal*, 66 N.M. 416, 349 P.2d 332 (1960). Intent is subjective and is almost always inferred from other facts in the case, as it is rarely established by direct evidence. *State v. Frank*, 92 N.M. 456, 589 P.2d 1047 (1979).

■ Substantial evidence, which is required to support a conviction, is defined as that evidence which is acceptable to a reasonable mind as adequate support for a conclusion. *State v. Manlove*, 79 N.M. 189, 441 P.2d 229 (Ct.App.1968). In determining the sufficiency of the evidence, the evidence is viewed in the light most favorable to the state, and all permissible inferences are drawn which support the verdict. *State v. Parker*, 80 N.M. 551, 458 P.2d 803 (Ct.App.1969). The weight and credibility of testimony, moreover, is determined by the jury. *State v. Ortega*, 79 N.M. 744, 449 P.2d 346 (Ct.App.1968).

■ The jury could reasonably have believed that defendant intentionally put false information on the return, and signed the name of Frederick Thompson, in order to increase the size of the refund which he was to receive. The evidence was sufficient to support the conviction as to Count I.

### B) Count II

Count II related to a return filed on behalf of Merritt Austin. Austin had a tax return prepared by someone other than defendant. This return lists Austin as having one exemption—himself. Austin had no dependents and was not supporting anyone. Austin sold the return to the defendant. The agreement was that Austin was to receive some cash and that defendant would get the refund. His expectation was that defendant would submit the return he had already filled out. Austin testified that he did not tell the defendant to change the number of exemptions, and did not tell the defendant that he was the head of a household. Austin testified that the defendant did not ask him to sign the return and was not present when the defendant filled out the return.

A tax return was filed. The state's expert testified that defendant filled out and signed State's Exhibit No. 2. This return identified Austin as being an unmarried head of a household. This return listed Austin as having five dependent children. Austin did not have five dependent children. Austin testified that he did not tell the defendant that he had five dependent children. He did not know who the listed children were. Austin testified that he never saw this return until the grand jury investigation. State's Exhibit No. 2 was signed under penalty of perjury and the line provided for the signature of a preparer other than the taxpayer is blank.

The evidence was sufficient to support the conviction as to Count II.

### C) Count III

This count relates to a return filed on behalf of Dennis Thompson. Dennis

Thompson took his W–2 form to a tax preparer and had a return prepared. This return lists Thompson as having one exemption—himself. Thompson sold his return to the defendant. The defendant did not inquire as to his exemptions.

A return was filed on behalf of Thompson. The state's expert testified that defendant filled out and signed this return. This return lists Thompson as having five dependent children. Thompson had no dependents. The address on the return is not Thompson's. This return was signed under penalty of perjury and the line provided for the signature of a preparer other than the taxpayer is blank.

The evidence was sufficient to support the conviction as to Count III.

### D) Count IV

Count IV relates to a return filed by Deborah Hudson. Ms. Hudson is married but has no children. Ms. Hudson testified that in 1981 she did not give her return to anyone; instead, she filled out her own return and received the refund. This return is State's Exhibit No. 6. This return lists two exemptions for Ms. Hudson—herself and her husband. Hudson testified that she did not even know the defendant.

In 1981, another return was filed on behalf of Hudson. The defendant admitted filling out this return. This return lists four dependent children. Hudson testified that the listed children are not her dependents. Hudson also testified that although her social security number on her return was correct, she never worked for the D C Company (the company whose W–2 form for Ms. Hudson is attached to State's Exhibit No. 7). This return was signed under penalty of perjury and the signature line for preparer other than the taxpayer is blank.

The evidence was sufficient to support the conviction as to Count IV.

### E) Count V

Count V involves a return filed on behalf of Donald Evans. Evans received a W–2 form and sold it to Tony Bennett. A return was filed based upon this W–2 form. This return listed two exemptions. Evans testified that he claimed himself and his son who lived in California.

Evans later received two other W–2 forms. He sold these two returns to the defendant and gave the defendant his previously received W–2 form. The deal, again, was that Evans would be paid some cash and that the defendant would get the amount of the refund. Evans testified that he told the defendant he had only one dependent.

State's Exhibit No. 5 is a second return filed on behalf of Evans in 1981. Evans testified that he did not sign this return. This return also lists three dependent children. Evans testified that he did not have any children, had never heard of the names on the return, and that he did not supply the defendant with these names. Evans also testified that the defendant did not fill out the return in his presence. The address in State's Exhibit No. 5 is not Evans'. The state's expert testified that the defendant probably filled out and signed State's Exhibit No. 5. This return was signed under penalty of perjury and the line provided for the signature of a preparer other than the taxpayer is blank.

The evidence was sufficient to support the conviction as to Count V.

### F) Count VI

Count VI concerns a return filed for Ernest Thomas. Thomas testified that he sold his 1981 return to the defendant. Thomas told the defendant that he had five dependent children and a total of six exemptions.

State's Exhibit No. 13 is a return filed on behalf of Thomas. This return incorrectly states that Thomas had seven dependent children and a total of eight exemptions. Thomas testified that the names of the children on the return were not correct. Thomas also testified that neither the address nor the signature on the return were

his. The state's expert testified that State's Exhibit No. 13 was filled out and signed by the defendant. This return was signed under penalty of perjury and the line provided for the signature of a preparer other than the taxpayer is blank.

The evidence was sufficient to support the conviction as to Count VI.

### G) Count VII

Count VII relates to a return filed on behalf of Betty Carter. Betty Carter sold her W–2 form to the defendant in 1981. Carter had no dependents in 1981 and did not tell defendant that she did (she did have an eighteen-year-old son whom she did not claim as a dependent). The defendant did not ask her if she was married, if she had dependents, or if she was supporting anyone. The defendant did not ask her to fill anything out.

A return was filed for Carter in 1981. Carter testified that she never saw this return before the grand jury investigation. Carter also testified that neither the signature nor the address on the return was hers. This return incorrectly lists five dependent children for Ms. Carter. The state's expert testified that, with the exception of the address on the return, all of the writing on the return was the defendant's. This return was signed under penalty of perjury and the signature line provided for a preparer other than the taxpayer is blank.

The evidence was sufficient to support the conviction as to Count VII.

### H) Count VIII

Count VIII relates to a return filed on behalf of defendant's mother, Lillian Sparks. Lillian Sparks died in September of 1981. A return was filed for Lillian Sparks in 1981. The state's expert testified that the defendant filled out and signed this return. This return listed exemptions for four dependents: Darrell, Melanie, Shannon and Stacey.

There is evidence from which the jury could have found that the defendant did not believe that Shannon and Stacey were Lillian Sparks' dependents. First, the defendant listed Shannon and Stacey as his dependent children on his tax returns. Second, Amanda Waters testified that Shannon did not live with Lillian Sparks on a regular basis. Waters cared for Lillian during 1981 except for a period of four or five months.

The jury could also have inferred that defendant knew that Melanie and Darrell were not dependents of Lillian Sparks. Waters testified that she did not recall Melanie ever coming to visit Lillian and that she did not remember Darrell at all. Lillian Sparks' return was signed under penalty of perjury and the space for the signature of a preparer other than the taxpayer is blank.

The evidence was sufficient to support the conviction as to Count VIII.

### I) Count IX

Count IX relates to a return filed on behalf of defendant's son, Joe Sparks. Joe Sparks gave defendant his W–2 form in 1981. Joe Sparks was not married and had no children.

A return was filed for Joe Sparks. Joe Sparks testified that he never saw this return until it was shown to him by the state. This return lists three dependent children for Joe Sparks: Joe, Mary and Joseph. These children were not Joe Sparks' dependents. Joe Sparks testified that he never told his father that he had dependents. Indeed, defendant claimed Joe Sparks as an exemption on his return. Joe Sparks never received the rebate from the return filed in his name. The state's expert testified that State's Exhibit No. 8 was filled out and signed by the defendant. This return was signed under penalty of perjury and the line provided for the signature of a preparer other than the taxpayer is blank.

The evidence was sufficient to support the conviction as to Count IX.

We reject defendant's argument that the evidence was insufficient to support the convictions on all nine counts.

## II. Admission of Evidence

The defendant also alleges that the trial court committed error in (1) admitting into evidence certain tax returns which were not the subject of the charges herein; and (2) refusing to admit a handwritten note offered by the defendant into evidence. We disagree and affirm the trial court. The tax returns were admissible under NMSA 1978, Evid.Rule 404(b) (Repl.Pamp. 1983). Defendant testified concerning the handwritten note, but the note itself was excluded under NMSA 1978, Crim.P. Rules 28 and 30 (Repl.Pamp.1980 and Cum.Supp. 1984) for nondisclosure in violation of those rules.

■■■ It is clear that the standard to be applied by us to both claims above is abuse of discretion. *See Mac Tyres, Inc. v. Vigil,* 92 N.M. 446, 589 P.2d 1037 (1979). A review of the record indicates no abuse of discretion with regard to either issue and therefore we will not disturb the trial court's rulings.

## III. Instructions

Defendant also alleges that the trial court erred in that it (1) erroneously gave an incorrect instruction in giving instruction no. 10; and (2) failed to give requested instructions nos. 16–18 requested by defendant.

### A) Instruction No. 10

Defendant argues that the trial court erred in giving instruction no. 10. This instruction expressly applied only to Count IX. It is the standard UJI on accomplice liability. *See* NMSA 1978, UJI Crim. 28.30 (Repl.Pamp.1982).

This instruction was given because there was some evidence that the defendant acted along with someone else in preparing Joe Sparks' return. Defendant testified that he had an employee named Michael who prepared Joe Sparks' return. Defend-

ant testified that he signed the return, put the address on it, and gave it to Michael to fill out. Defendant's theory was that Michael confused Joe Sparks, defendant's son, with Joe Sparks, defendant's cousin.

■■ Section 7-1-73(A) applies to anyone who makes *and* subscribes a return. Based upon the defendant's testimony, the jury could have believed that Michael filled out the return. The jury could still have found defendant guilty, however, on an accomplice theory. The jury could have believed that Michael made the false statement on the return and that defendant, knowing that the information was false, subscribed the return. The Use Note to UJI Crim. 28.30 specifies that the instruction should be given if the evidence supports liability of the defendant as an aider or an abettor.

■■■ Defendant argues that the giving of this instruction was in error because "said instruction permitted the jury to find the defendant guilty on each of the counts if any error was contained in the income tax returns in question * * *." This argument does not state reversible error. First, no authority is cited. Second, this court has no authority to reverse on the basis of an instruction approved by the supreme court. *State v. Rhea,* 93 N.M. 478, 601 P.2d 448 (Ct.App.1979); *State v. Scott,* 90 N.M. 256, 561 P.2d 1349 (Ct.App.1977). Third, the argument is simply untrue. The instruction applied only to Count IX. Furthermore, the instruction required the jury to find that the crime was committed, that the defendant intended that the crime be committed, and that the defendant helped, encouraged or caused the crime to be committed. There is no error shown, and therefore the trial court is affirmed.

### B) Defendant's Requested Instructions

■■■ Defendant contends that the trial court erred in failing to give three requested instructions, nos. 16, 17 and 18. Defendant's requested instruction no. 16 dealt with the knowledge element of the crime. Defendant's requested instructions nos. 17 and 18 dealt with criminal intent. The trial

court did not commit reversible error in refusing these instructions.

### 1. Defendant's Requested Instruction No. 16

 This requested instruction states that the defendant must have had knowledge of the falsity of the information on the return. In instruction nos. 1 through 9, the jury was instructed on the elements of Section 7–1–73(A). This is no UJI for this section. However, the instructions substantially followed the language of the statute and, thus, were sufficient. *State v. Baca,* 85 N.M. 55, 508 P.2d 1352 (Ct.App. 1973); *State v. Lopez,* 80 N.M. 599, 458 P.2d 851 (Ct.App.1969).

The jury was instructed in instructions nos. 1 through 9 that, in order to be found guilty, the defendant must not have believed that the material information on the return was true and correct. This reflects the language of the statute. Instruction no. 17, which was given, also instructed the jury that the defendant was not guilty if he had an honest and reasonable belief as to the truth of the information on the returns.

 To the extent that defendant's requested instruction no. 16 reiterated this requirement, it was properly refused. First, a trial court does not err in refusing to give a requested instruction if the subject matter of the instruction is adequately covered by other instructions. *See e.g., State v. Ramirez,* 79 N.M. 475, 444 P.2d 986 (1968); *State v. Zarafonetis,* 81 N.M. 674, 472 P.2d 388 (Ct.App.1970); *State v. McFerran,* 80 N.M. 622, 459 P.2d 148 (Ct. App.1969). Second, the trial court may properly refuse a requested instruction if it gives undue emphasis to the defendant's theory of the case. *State v. White,* 77 N.M. 488, 424 P.2d 402 (1967). If, on the other hand, the requested instruction sets forth a more exacting knowledge requirement than the statute, it was properly refused as being a misstatement of the law. *See State v. Robertson,* 90 N.M. 382, 563 P.2d 1175 (Ct.App.1977); *State v. Dutchover,* 85 N.M. 72, 509 P.2d 264 (Ct.App. 1973).

### 2. Defendant's Requested Instructions Nos. 17 and 18

 These requested instructions deal with criminal intent. Both requested instructions define willfulness as a criminal or evil intent. In instruction no. 11, the jury was instructed on general criminal intent through UJI Crim. 1.50. This instruction is required in prosecutions for false statements on tax returns. *See State v. Martin.*

 Section 7–1–73(A) requires willfulness. To meet the willfulness requirement, all that is required is proof that the person acted intentionally in the sense that he was aware of what he was doing. *See State v. Sheets,* 94 N.M. 356, 610 P.2d 760 (Ct.App.1980). If UJI Crim. 1.50 is given, there is no need for a separate instruction of willfulness. *Id.*

Therefore, the same analysis as used for requested instruction no. 16 applies. To the extent requested instructions nos. 17 and 18 reiterated the intent specified in UJI Crim. 1.50, they were properly refused either because they were cumulative or because they unduly emphasized the defendant's theory of the case. On the other hand, if requested instructions nos. 17 and 18 provided a more restrictive definition of willfulness than that contained in UJI Crim. 1.50, they were properly refused as incorrect statements of the law.

### IV. Sentencing

 Section 7–1–73 is an offense not contained in the Criminal Code. A minimum (six months) and maximum (three years) prison sentence are provided. Section 31–18–13(B) provides: "Whenever a defendant is convicted of a crime under * * * a statute not contained in the Criminal Code, which specifies the penalty to be imposed on conviction, the court shall set as a definite term of imprisonment the minimum term prescribed by such statute * * *." The district court's authority to sentence is only that which has been provided by statute. *State v. Sinyard,* 100

N.M. 694, 675 P.2d 426 (Ct.App.1983). Thus, the district court should have imposed the minimum sentence for each count.

The district court, however, sentenced defendant to not less than six months and not more than three years on each count (Counts I through IV to run consecutively, and Counts V through IX to run concurrently with each other and with Counts I through IV). This sentence was not authorized under Section 31–18–13(B).

 Defendant did not raise this issue at trial or in the docketing statement. However, an unauthorized sentence issue is jurisdictional and can be raised for the first time on appeal. *State v. Sinyard.* The state concedes this error.

The convictions appealed from are affirmed, and because of the illegal sentence imposed the case is remanded to the district court for imposition of a new sentence in conformance with Section 31–18–13(B).

IT IS SO ORDERED.

WOOD and HENDLEY, JJ., concur.