Correction Page: BuWVz filed 5-10-10: Page 1, line 8: Replace Stephen K. Quinn with Teddy L. Hartley.

This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                           **NO. 29,814**

**ALICIA DEAN,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals her conviction for abuse of a child (resulting in great bodily harm), a first degree felony. The notice proposed to affirm and Defendant filed a timely memorandum in opposition pursuant to a granted motion for extension of time. We remain unpersuaded by Defendant's arguments and therefore affirm.

**Issue (1):** Defendant continues to argue that the district court erred in admitting photographs of Victim after she had undergone skin graft surgery. **[DS 5, 7; MIO 1; RP 132, 144]** "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

Defendant objects to the photographs because they "possessed a certain 'goriness'" beyond the "blisters and redness" otherwise caused by the hot water. **[DS 5; MIO 2]** Defendant argues also that the photographs were cumulative of the doctor's testimony and were merely inflammatory. **[MIO 2]** The State introduced the photographs for purposes of showing that the extent of harm to Victim, as demonstrated by the resultant treatment, was such that it refuted Defendant's claim of an accidental burning. **[RP 145-46]** In addition, the photographs were relevant to the State's argument that Defendant's actions caused great bodily harm to Victim, as reflected by the treatment required to address the harm. **[RP 144]** Because the photographs were highly relevant to the State's theory of the case, we hold that the

2

district court did not abuse its discretion in admitting the photographs. *See State v. Rojo*, 1999-NMSC-001, ¶ 48, 126 N.M. 438, 971 P.2d 829 (filed 1998) (recognizing that determination of whether the prejudicial impact of evidence outweighs its probative value is left to the discretion of the trial judge); *see also State v. Pettigrew*, 116 N.M. 135, 139, 860 P.2d 777, 781 (Ct. App. 1983) (stating that "we are unaware of any case that has reversed a conviction due to allegedly inflammatory photographs.").

**Issue (2)**:     Defendant continues to argue that there was a lack of substantial evidence to support her conviction for abuse of Victim resulting in great bodily harm.  **[DS 7]** We review the evidence to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988).  Under this standard, "[w]e view the evidence in the light most favorable to supporting the verdict and resolve  all conflicts and indulge all inferences in favor of upholding the verdict." *State v. Hernandez*, 115 N.M. 6, 26, 846 P.2d 312, 332 (1993).  We do not re-weigh the evidence, nor substitute our judgment for that of the fact-finder, so long as there is sufficient evidence to support the verdict. *Sutphin*, 107 N.M. at 131, 753 P.2d at 1319.

Defendant's conviction requires findings that Defendant caused Victim to be

placed in a situation which endangered the life or health of Victim, or caused Victim to be tortured or cruelly confined or cruelly punished; that Defendant acted intentionally or with reckless disregard and without justification; that Defendant's actions resulted in great bodily harm to Victim; and that Victim was under the age of eighteen. *See* NMSA 1978, § 30-6-1(D) (2009); UJI 14-602 NMRA. **[RP 159]**

Evidence was introduced that Defendant caused the buttocks and legs of Victim, a child of approximately two years and nine months **[DS 3]**, to be exposed to hot water **[RP 145; DS 5]**, at a temperature of 135 degrees Fahrenheit **[RP 145; DS 5]** such that Victim suffered second degree burns to 15 to 17% of her body. **[RP 144]** Evidence was further introduced that Victim's injuries required her to be treated in a critical care unit room at a Lubbock burn unit **[RP 144]**; that the risks to Victim were very dangerous **[RP 144]**; and that Victim had to have two surgeries for skin grafts **[RP 132, 144]**, and multiple dressing changes on a daily basis. **[RP 144]**

We hold that the foregoing facts support Defendant's conviction for child abuse resulting in great bodily harm. *See State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction). We recognize Defendant's position that the burns occurred when she was cleaning Victim with a shower spray-nozzle after Victim soiled her pants. **[DS 4]** Defendant asserts

4

that, in her haste to clean Victim, she did not realize that the water temperature was such that she was burning Victim. **[DS 4]** Defendant refers also to the treating physician's acknowledgment that Victim's burns could have been caused by two seconds of contact with hot water **[MIO 3]**, and argues that this supports her version of the events that the burning was accidental and that she simply made a mistake while in a hurry. **[MIO 3]**

Although Defendant argues that the burning was accidental and does not merit a finding that she deviated from a reasonable standard of care **[MIO 3]**, the jury as fact-finder was free to reject Defendant's version of events. *See Sutphin*, 107 N.M. at 131, 753 P.2d at 1319 (holding that the fact-finder may reject defendant's version of events); *State v. Foster*, 1999-NMSC-007, ¶ 42, 126 N.M. 646, 974 P.2d 140 (recognizing that it is up to the jury to weigh any contradictory evidence); *State v. Nichols*, 2006-NMCA-017, ¶ 11, 139 N.M. 72, 128 P.3d 500 (filed 2005) (recognizing that the jury, as trier of fact, is entitled to weigh conflicting evidence). In this regard, the jury reasonably could have questioned Defendant's credibility, given that she changed her version as to how Victim was burned between the time she was interviewed by police and her ultimate trial testimony. **[RP 139-40, 149; DS 4]** The jury could have considered also the testimony of State witness Turnbough, who indicated that Victim's burns were not consistent with Defendant's narrative. **[RP**

5

**135]** We lastly reject Defendant's reliance on the "evidence equally consistent with two hypotheses tends to prove neither" argument **[MIO 3-4]** because, by its verdict, the jury necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence. *See State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393.

**Conclusion.**

Based on the foregoing discussion, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**

6