This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 32,894**

**DON J.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Child appeals from his adjudication of delinquency based on his acts of resisting, evading or obstructing an officer and disorderly conduct. [RP 37] Our notice proposed to affirm and Child filed a memorandum in opposition. We remain unpersuaded by Child's arguments and therefore affirm.

{2}     Child continues to argue that the evidence was insufficient to support his adjudication for the delinquent acts of resisting, evading, or obstructing an officer and disorderly conduct. [MIO 3] *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (setting forth the substantial evidence standard of review). For the same reasons detailed in our notice, we hold that there was sufficient evidence to support the adjudication of delinquency. *See generally State v. Sparks*, 1985-NMCA-004, ¶¶ 6-7, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction). In doing so, we acknowledge Child's continued argument that he did not commit the delinquent acts and that his actions were instead a justified response to what he alleges was the officer's inappropriate conduct. [MIO 4-5] As we emphasized in our notice, however, the factfinder was free to reject Child's version of events. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal dos not provide a basis for reversal because the jury is free to reject Defendant's version of the facts."); *see also*

2

*State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the factfinder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

{3}     For the reasons set forth herein and in our notice, we affirm.

{4}     **IT IS SO ORDERED.**

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

**JAMES J. WECHSLER, Judge**

**MICHAEL E. VIIGL, Judge**