This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO.   33,205**

**PHILLIP LEE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith Nakamura, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}    Phillip Lee (Defendant) appeals from the district court's affirmance for his convictions for DWI and speeding. Our notice proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}    Defendant specifically contests his DWI conviction and continues to argue that the evidence was insufficient. [DS 8; MIO] *See* NMSA 1978, § 66-8-102(A)(B) (2010); *see also State v. Dutchover,* 1973-NMCA-052, ¶ 5, 85 N.M. 72, 509 P.2d 264 (observing that DWI may be established through evidence that the defendant's ability to drive was impaired to the slightest degree); *State v. Sutphin*, 1998-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (setting forth the standard of review for a sufficiency issue).

{3}    As detailed in our notice, we hold that Defendant's admission of drinking alcohol, his red and watery eyes, an odor of alcohol, his physical and mental difficulties when performing the field sobriety tests (FSTs), and his breath test score support his conviction for driving while impaired to the slightest degree. [RP 105-09] *See State v. Sparks*, 1985-NMCA-004, ¶ 6, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction); *see also State v. Soto*, 2007-NMCA-077, ¶¶ 32, 34, 142 N.M. 32, 162 P.3d 187 (holding that there was sufficient evidence

of driving under the influence pursuant to the impaired-to-the-slightest-degree standard, even though, among other factors, the officers observed no irregular driving when the defendant "had red, bloodshot, and watery eyes, as well as slurred speech and a very strong odor of alcohol on his breath[,]" the defendant admitted drinking, the officers observed several empty cans of beer where the defendant had been, and the officers testified that the defendant was definitely intoxicated); *State v. Neal*, 2008-NMCA-008, ¶ 29, 143 N.M. 341, 176 P.3d 330 (observing that the subject's unsatisfactory performance on the FSTs, including his failure to follow instructions and his lack of balance, constituted signs of intoxication, which supported his conviction for driving under the influence of intoxicating liquor).

{4}     We acknowledge Defendant's arguments that his failure to successfully complete the FSTs was caused by factors other than the consumption of alcohol and that his breath tests results, which he asserts were lower than his performance on the FSTs predicted, support his position that he was not intoxicated. [MIO 5, 6] As we pointed out in our notice, however, the fact finder was free to reject Defendant's view of the evidence. *See generally Sutphin*, 1988-NMSC-031, ¶ 21 (holding that the fact finder may reject the defendant's version of events); *see also* NMSA 1978, § 66-8-110(B)(2)(a), (b) (2007) (providing that a BAC between .04 and .08 does not create a presumption that a person was, or was not, under the influence, but can be considered with other competent evidence to establish impairment).

{5} Lastly, while Defendant asserts that the evidence was "equally consistent" with a hypothesis of innocence, [MIO 5] by convicting Defendant, the fact finder necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence. *See State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the [fact finder] has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence.").

{6} For the reasons set forth above and in our notice, we affirm.

{7} **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**CYNTHIA A. FRY, Judge**

4