This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          NO.  33,286

**BEVERLY BACA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio J. Viscoli, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Chief Judge.**

{1} Beverly Baca (Defendant) appeals from the district court's affirmance of her convictions for careless driving and DWI (first offense) based on impairment to the slightest degree due to the ingestion of drugs. Our notice proposed to affirm, and Defendant filed a timely memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2} Defendant continues to argue that the evidence was insufficient to support her DWI conviction (first offense). [DS 30; MIO 23] *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (setting forth the standard of review). Defendant's conviction for DWI requires findings that she was driving a motor vehicle and, at the time, was under the influence of drugs to such a degree that she was incapable of safely driving a vehicle. *See* NMSA 1978, § 66-8-102(B) (2010).

{3} Regarding evidence that Defendant was under the influence of drugs, she admitted to officers that she was taking prescription medication and illegal drugs and was self-medicating by taking two Valium instead of her regular dose of one. [RP 106, 100, 101-02] Defendant also admitted that her drugs were causing her balance issues and caused her to walk into walls at home. [RP 106, 107] An SLD analyst testified that diazepam (Valium), nordiazepam (a metabolite of diazepam), and ecogonine methyl ester (a metabolite of cocaine) were found in Defendant's blood sample. [RP 106] We consider also Officer MacFarlane's testimony that he thought

2

Defendant was under the influence of drugs based on his observations during the traffic accident investigation and the field sobriety tests. [RP 106] In addition, Sergeant White testified that Defendant was under the influence of a central nervous stimulant and a narcotic analgesic based on the results of the clinical evaluation during the DRE, in which Defendant's blood pressure, body temperature, and pulse were outside the normal range. [RP 106, 102-03; DS 18-19] While Defendant was cooperative during the DRE, she had a hard time sitting still, her legs were bouncing, her speech was slurred, and her eyes were very watery. [RP 102; DS 20]

{4} Regarding evidence that Defendant was incapable of safely driving at the time of the accident, Officer McFarlane testified that Defendant rear-ended a pickup truck, and Defendant admitted that she was not paying attention while driving. [RP 106, 99] Officer McFarlane further testified that Defendant had delayed responses, slurred speech, and a difficult time following instructions during the field sobriety tests. [RP 106, 99-100; DS 1-2] Officer McFarlane testified that, during the field sobriety tests, Defendant had to lean on her vehicle and performed the field sobriety tests badly, exhibiting problems with coordination and balance. [RP 106, 100; DS 2-4] Similarly, Sergeant White testified that, during her DRE evaluation, Defendant performed the psycho-physical tests badly, again demonstrating problems with coordination, balance, and her ability to follow instructions. [RP 106, 101; DS 16-17] Based on the clinical evaluations, his observations, and Defendant's admissions, Sergeant White

testified that Defendant was not able to operate a motor vehicle safely due to her consumption of drugs. [RP 102-03; DS 20-21]

{5} Based on the foregoing, we conclude that substantial evidence supports the district court's finding that Defendant was under the influence of drugs to such a degree that she was incapable of safely driving a vehicle. *See State v. Sparks*, 1985-NMCA-004, ¶ 6, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction). In so concluding, we acknowledge that Sergeant White's conclusion that Defendant was under the influence of a central nervous system stimulant and a narcotic analgesic was contradicted by the testimony about the blood test results from the SLD analyst and Dr. Reyes. [RP 107; DS 24-26; MIO 25-26] As pointed out by the district court, however, the test results clearly demonstrated Valium was present in Defendant's system and Dr. Reyes acknowledged that every person reacts to the drug differently and was unable to say that the amount consumed by Defendant could not impair her ability to drive. [RP 107] As noted above, Defendant admitted to taking an extra dose of Valium and admitted that her medication was causing her to have balance problems. [RP 107] We acknowledge that there were conflicts in the evidence regarding whether Defendant was under the influence of drugs—namely, whether the "lower range of the therapeutic level" of Valium ingested by Defendant would cause her to have impaired driving [MIO 28] and whether other medical

4

conditions, such as Graves disease and bipolar illness, caused her slurred speech and balance problems. [DS 21; MIO 25, 28] We acknowledge also Defendant's version of the incident that the accident was caused by her reaching for something on her vehicle's floorboard, rather than by her incapacitation caused by drugs. [MIO 25] In our view, however, these were matters for the fact-finder to assess. *See generally State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

{6}     Based on the reasoning set forth in our notice and above, we affirm Defendant's convictions for careless driving and DWI (first offense).

{7}     **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**MICHAEL E. VIGIL, Judge**

5