This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                        **NO.   33,022**

**MICHAEL GLEESON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Chief Judge.**

{1}    Michael Gleeson (Defendant) appeals from an on-record district court judgment affirming a metropolitan court conviction for driving while intoxicated (DWI) (drugs). We issued a calendar notice proposing to affirm. Defendant has responded with a timely memorandum in opposition. We affirm.

{2}    Defendant continues to challenge the sufficiency of the evidence to support his conviction. We review the evidence to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. Under this standard, "we resolve all disputed facts in favor of the [s]tate, indulge all reasonable inferences in support of the verdict, and disregard all evidence and inferences to the contrary." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. We do not reweigh the evidence, nor substitute our judgment for that of the fact finder, so long as there is sufficient evidence to support the verdict. *Sutphin*, 1988-NMSC-031, ¶ 21.

{3}    Defendant's conviction for DWI required the State to show that Defendant operated a motor vehicle and did so while under the influence of drugs to such a degree that Defendant was incapable of safely driving the vehicle. *See* NMSA 1978, § 66-8-102(B) (2010).

{4}    With respect to Defendant's challenge to the "driver" element of the offense, an Albuquerque police officer testified that he was dispatched to a single vehicle accident and, upon arriving, saw a vehicle partly off the road with Defendant in an ambulance being checked for injuries. [MIO 1] Defendant stated that the vehicle was his. [MIO 1] There is no indication that there were any other individuals who may have been driving the vehicle. Most pointedly, Defendant admitted to being the driver. [MIO 1] This evidence allowed the fact finder to reasonably conclude that Defendant had driven the vehicle.

{5}    With respect to establishing that Defendant was under the influence of drugs to such a degree that he was incapable of driving, the above-noted officer testified that Defendant had slurred speech, bloodshot and watery eyes, and was making "weird" statements and his answers did not relate to the questions asked. [MIO 1] Defendant informed the officer that he had taken a pain killer. [DS 3]

{6}    The State called an officer who was a certified Drug Recognition Evaluator (DRE). [DS 3] The officer questioned Defendant and noted the same behavioral problems observed by the other officer. [DS 4] Defendant again stated that he had taken a pain killer. [DS 4] The officer also noted a white powder around Defendant's nose, and Defendant subsequently admitted to taking a couple "bumps." During the course of the DRE investigation, Defendant admitted to drinking beer, taking a Vicodin, and a "bump" of ketamine. [MIO 1-2; DS 5] The officer testified that he

3

knew what both drugs were and how they affected people. The officer concluded that Defendant was under the influence of drugs and could not operate a motor vehicle safely.

{7} In light of Defendant's admission to driving the vehicle, the fact that there was a single vehicle accident, Defendant's admission to taking two types of controlled substances, his unusual behavior, and the DRE officer's testimony, we conclude that the evidence was sufficient to support Defendant's conviction. *See State v. Sparks*, 1985-NMCA-004, ¶ 6, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction).

{8} Based on the foregoing discussion, we affirm.

{9} **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**



_____

4

**J. MILES HANISEE, Judge**