This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                  **No. 33,583**

**MURAT TUTAR,**

Defendants-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

The Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Defendant appeals his misdemeanor convictions for assault against a household member and assault upon a peace officer. Our notice proposed to affirm, and

Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}  Defendant continues to challenge the sufficiency of the evidence to support his convictions for assault against a household member and assault upon a peace officer. [DS 3; MIO 3] *See* NMSA 1978, §§ 30-3-12(A)(2) (1995) and 30-22-21 (1971); *see also State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (setting forth our standard of review). For the reasons detailed in our notice, we affirm both convictions. *See State v. Sparks*, 1985-NMCA-004, ¶¶ 6-7, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction).

{3}  In affirming Defendant's conviction for assault upon a household member, we acknowledge Defendant's continued emphasis that Victim did not indicate to the 911 operator that Defendant hit her or that weapons were involved. [MIO 5; DS 2] As we stated in our notice, however, this is not determinative because Defendant was convicted for assault, as opposed to battery or aggravated assault by the use of a weapon. *See, e.g.*, *State v. Roper*, 2001-NMCA-093, ¶ 12, 131 N.M. 189, 34 P.3d 133 (stating that the harm protected by the assault statutes is mental harm, while the harm protected by the battery statutes is physical harm). We acknowledge also Defendant's denial of assaulting Victim [MIO 5], as well as his view that Victim's testimony did

not support his conviction for assault because Victim never testified that Defendant "acted aggressively toward her while taking the phone away from her." [MIO 5] However, it was within the factfinder's prerogative to weigh the evidence. *See generally State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that the appellate court defers to the factfinder when weighing the credibility of witnesses and resolving conflicts in witness testimony); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (recognizing that the jury is free to reject the defendant's version of the event).

{4}     Similarly, in affirming Defendant's conviction for assault upon a peace officer, we acknowledge Defendant's continued argument that his intent was not to spit on the officer, but instead to spit on the ground. [MIO 6] Again, however, it was the factfinder's prerogative to find otherwise. *See generally Salas*, 1999-NMCA-099, ¶ 13 (recognizing that the appellate court defers to the factfinder when weighing the credibility of witnesses and resolving conflicts in witness testimony); *Rojo*, 1999-NMSC-001, ¶ 19 (recognizing that the jury is free to reject the defendant's version of the event).

{5}     For the reasons set forth in our notice and above, we affirm.

{6}     **IT IS SO ORDERED.**

                    **J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**M. MONICA ZAMORA, Judge**