This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. 								NO. 33,995

**RENE LUJAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Darren M. Kugler, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Defendant appeals his jury conviction for criminal sexual contact of a minor (CSCM) in the fourth degree. [DS 1-2] Our notice proposed to affirm. In response, Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}     Defendant raises two issues on appeal. First, Defendant argues that the district court erred by instructing the jury on unlawfulness with the alternative "with the intent to arouse or gratify sexual desire." [DS 4; MIO 4] Second, Defendant argues that there was insufficient evidence presented to support his conviction for CSCM. [DS 5; MIO 8]

{3}     First, Defendant continues to argue that the district court erred by denying his request to instruct the jury on the element of unlawfulness using the bracketed language "with the intent to arouse or gratify sexual desire" instead of "to intrude upon the bodily integrity or personal safety of [V]ictim." [MIO 4-8; DS 2] *See* UJI 14-132 NMRA. As given to the jury, the unlawfulness instruction read:

> In addition to the other elements of criminal sexual contact of a minor, the state must prove beyond a reasonable doubt that the act was unlawful. For the act to have been unlawful it must have been done to intrude upon the bodily integrity or personal safety of [Victim]. Criminal sexual contact of a minor does not include a touching for purposes of nonabusive parental care.

[MIO 3; RP 158]

{4}     Our notice observed that Defendant's theory of the case was that he accidentally touched Victim in the course of searching for his daughter in the dark and, therefore, Defendant lacked unlawful intent. [CN 3] We observed that evidence was presented that Defendant felt Victim's bra strap and touched her underwear, and relying upon *State v. Gardner*, we noted that this "reasonably gave rise to the inference that [the d]efendant either sought sexual arousal or that he meant to violate the victims' bodily integrity." 2003-NMCA-107, ¶ 24, 134 N.M. 294, 76 P.3d 47. [CN 4-5] We further observed that, under the facts of this case, it was irrelevant whether Defendant touched Victim with the intent to arouse or gratify sexual desire. *See id.* ("A defendant who unlawfully and intentionally touches an intimate part of a minor's body is guilty of criminal sexual contact of a minor, regardless of whether the defendant was motivated by a desire to obtain sexual gratification or by some other desire."). [CN 4-5]

{5}     In response to our notice, Defendant continues to assert that the State's theory of the case was that Defendant knew that the person he was touching was not his daughter and he touched Victim in a sexualized way. [MIO 2] Defendant further argues that *Gardner* is inapplicable to the facts of this case because "the theory of defense was that [Defendant] intentionally touched [Victim], believing her to be his daughter, but not with an unlawful purpose." [MIO 7] Defendant asserts, therefore, that "[t]his directly rebutted the State's theory that [Defendant] was sexually

3

motivated to touch [Victim]." [MIO 7] In turn, Defendant contends that the only applicable alternative in the unlawfulness instruction was the phrase "[f]or the act to have been unlawful it must have been done with the intent to arouse or gratify sexual desire." [MIO 3, 7]

{6}  However, Defendant does not provide any authority for the proposition that Defendant's conduct of touching Victim's bottom, underwear, and bra strap did not intrude upon Victim's personal safety or bodily integrity. For the same reasons provided in our notice, we hold that the evidence presented supported the instruction given. *See Gardner*, 2003-NMCA-107, ¶ 24 (holding that where there was evidence presented at trial that [the d]efendant touched the breasts and buttocks of the victims, this "reasonably gave rise to the inference that Defendant either sought sexual arousal or that he meant to violate the victims' bodily integrity). Because we conclude that the evidence supported this alternative instruction, it operated to Defendant's benefit that both alternatives were not given because the jury could have convicted Defendant under either theory. *Cf. State v. Nichols*, 2006-NMCA-017, ¶ 16, 139 N.M. 72, 128 P.3d 500 (explaining that where the jury is instructed on two distinct theories upon which a conviction is possible, the relevant inquiry is whether the jury unanimously agreed to convict the defendant, and not whether the jury agreed upon a single theory of conviction).

**{7}** With respect to Issue II, Defendant's account of the evidence does not contradict the facts upon which our notice proposed to rely. Further, Defendant's memorandum in opposition does not assert any new factual or legal argument that persuades this Court that our notice was incorrect regarding the sufficiency of the evidence. Defendant's memorandum in opposition asserts that "[t]he evidence showed only that [Defendant] touched [Victim] because he mistakenly believed her to be his daughter whom he was attempting to wake. There is absolutely no evidence in this cause that supports an intention to intrude on the bodily integrity or personal safety of anyone." [MIO 10-11] However, as discussed above, the evidence that Defendant touched Victim's bottom, underwear, and bra strap supports a jury finding that Defendant intruded upon Victim's bodily integrity or personal safety.

**{8}** We acknowledge that Defendant continues to assert that his defense was that he "mistakenly believed he was waking up his four-year[-]old daughter when he touched [Victim]." [MIO 10] As observed in our proposed notice, the jury was given a mistake of fact instruction. [CN 4; RP 159] The jury necessarily rejected Defendant's theory of the case that he touched Victim believing Victim to be his daughter, which the jury was free to do. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (explaining that "the jury is free to reject [the d]efendant's version of the facts"); *State v. Salazar*, 1997-NMSC-044, ¶ 44, 123 N.M. 778, 945 P.2d 996 (holding that it is the fact-finder's prerogative to reject the defendant's

version of the event). Viewing the evidence in the light most favorable to the verdict and for the reasons detailed in our notice, we hold that sufficient evidence supports Defendant's conviction. *See State v. Sparks*, 1985-NMCA-004, ¶ 6, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as evidence that a reasonable person would consider adequate to support a defendant's conviction).

{9}      To conclude, for the reasons detailed in our notice and discussed above, we affirm.

{10}    **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**M. MONICA ZAMORA, Judge**