This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **NO. 34,326**

**JOHNNY MILLER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith Nakamura, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio J. Viscoli, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1} Defendant appeals his conviction for DWI (first offense) entered by the metropolitan court following a bench trial and subsequently affirmed by the district court following an on-record appeal. [RP 75, 85] Our notice proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments, and therefore affirm.

{2} In Issue (I), Defendant continues to argue that the metropolitan court violated Rule 11-615 NMRA in allowing witness William Thomas (the civilian witness) to stay in the courtroom while Deputy Morpher (the Deputy) testified. [DS 14; MIO 13] *See generally State v. Shirley*, 2007-NMCA-137, ¶ 33, 142 N.M. 765, 170 P.3d 1003 (recognizing that trial courts are afforded broad discretion under Rule 11-615 and that "[w]e will not disturb the decision of the trial court absent a clear abuse of this discretion and prejudice to the complaining party" (internal quotation marks and citation omitted)).

{3} For the reasons extensively detailed in our notice, we hold that the metropolitan court did not abuse its discretion in allowing the civilian witness to remain in the courtroom during the Deputy's testimony. While Defendant maintains that allowing the civilian witness to stay in the courtroom allowed the witness to tailor his testimony to conform to the Deputy's testimony [MIO 15], we continue to disagree. As emphasized in our notice, whereas the Deputy did not go into any detail in his

testimony [RP 76, 80], the civilian witness on the other hand testified in detail about his own independent observations and interactions with Defendant while driving on I-40 [RP 77] and while at Defendant's house [RP 78] that were separate from the Deputy's interactions. [RP 80]

{4}    We similarly disagree with Defendant's assertion that he was prejudiced because "the civilian witness was able to tailor his testimony regarding the signs of intoxication to match that of the officers." [MIO 14] As noted above, the civilian witness testified in detail as to his independent observations of Defendant and his exhibited signs of intoxication. *See, e.g.*, *Shirley*, 2007-NMCA-137, ¶ 34 (concluding no abuse of discretion or prejudice in allowing the officer to remain in the courtroom while the other officer testified because "Officer Johnson testified about what occurred inside Defendant's house; [whereas] Officer Carr could not testify about such matters because he remained outside the house during the transaction"). And as we pointed out in our notice, the civilian witness specifically testified as to his own basis of knowledge for recognizing signs of intoxication [RP 80]—providing that he came from a family of alcoholics and was familiar with people who were under the influence of alcohol; that he had been a tow truck and taxi driver and had experience with intoxicated people from that line of work; and that he had driven an eighteen-wheeler and had seen multiple alcohol-related accidents. [RP 78] *See, e.g.*, *Sanchez*

*v. Wiley*, 1997-NMCA-105, ¶¶ 2, 19, 124 N.M. 47, 946 P.2d 650 (holding that a witness who was a teenager could rely on his knowledge in testifying that the defendant was "drunk"). We affirm Issue (I).

{5} In Issue (II), Defendant continues to challenge the sufficiency of the evidence to support his DWI conviction. [DS 14; MIO 15] *See* NMSA 1978, § 66-8-102(A) (2010); *see also State v. Dutchover,* 1973-NMCA-052, ¶ 5, 85 N.M. 72, 509 P.2d 264 (observing that DWI may be established through evidence that the defendant's ability to drive was impaired to the slightest degree); *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (setting forth the standard of review).

{6} As detailed in our notice, the civilian witness observed Defendant driving erratically on I-40—swerving [RP 77], veering off the road [RP 76, 77], almost hitting a concrete barrier in the center lane [DS 2]—and causing another vehicle to swerve to avoid a collision and causing the driver of a diesel truck to dive under his truck to avoid being hit. [RP 75-77] Believing that Defendant's driving presented an emergency [DS 7], the civilian witness called the police [DS 7] and followed Defendant to his home. [DS 8] Once there, the civilian witness testified that Defendant exited his vehicle, at which time he observed that Defendant had slurred speech, could not stand up on his own, and smelled strongly of alcohol. [DS 9] In addition to the testimony of the civilian witness, the Deputy who arrived at Defendant's home in

4

response to the emergency call also testified. [RP 76] The Deputy related that Defendant's mannerisms and speech indicated he was intoxicated [RP 76] and that Defendant refused to perform the standardized field sobriety tests (SFSTs). [RP 76]

{7}     Based on the foregoing, we hold that substantial evidence supports findings that Defendant was under the influence of drugs to such a degree that he was incapable of safely driving a vehicle. *See State v. Sparks*, 1985-NMCA-004, ¶ 6, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as that evidence that a reasonable person would consider adequate to support a defendant's conviction). Although the Deputy himself did not observe Defendant driving [DS 14; MIO 16], the factfinder could properly consider the civilian witness's testimony relating his observations of Defendant driving, as well as his observations of Defendant's signs of intoxication. *See generally State v. Sims*, 2010-NMSC-027, ¶ 3, 148 N.M. 330, 236 P.3d 642 (stating that "[h]ad [a] police officer *or other witnesses* observed [the d]efendant behind the steering wheel of a moving vehicle at or near the time of his apprehension" then the actual physical control instruction would not have been required) (emphasis added); *State v. Baldwin*, 2001-NMCA-063, ¶ 16, 130 N.M. 705, 30 P.3d 394 (pointing out that a factfinder can rely on "human experience" in deciding whether a defendant was under the influence and could "drive an automobile in a prudent manner"). Moreover, the Deputy did observe Defendant at his home after Defendant

had been driving, and related that Defendant's mannerisms and speech indicated he was clearly intoxicated. [RP 76] *See, e.g., State v. Mailman*, 2010-NMSC-036, ¶¶ 2-5, 24, 148 N.M. 702, 242 P.3d 269 (observing that there was sufficient circumstantial evidence to support the DWI conviction based on the defendant's presence behind the wheel of a parked vehicle, admissions to having driven and having consumed alcohol, refusal either to perform field sobriety tests or to provide a breath sample, the presence of an open can of beer in the vehicle, and a variety of indicia of intoxication including odor of alcohol, disorientation and confusion, difficulty maintaining balance, and bloodshot watery eyes). We accordingly hold that the evidence was sufficient to support Defendant's DWI conviction.

{8}     To conclude, for the reasons set forth in our notice and discussed above, we affirm.

{9}     **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

6

_____

**CYNTHIA A. FRY, Judge**


_____

**LINDA M. VANZI, Judge**