This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** No. 33,827

**DAVID BRITO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

**{1}** Defendant appeals his conviction for aggravated DWI (refusal, first offense) entered by the metropolitan court following a bench trial and subsequently affirmed by the district court following an on-record review. [RP 140] Our notice of proposed summary disposition proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

**{2}** Defendant continues to argue that the metropolitan court erred in admitting Sergeant Barraza's testimony about Defendant's performance on the standardized field sobriety tests (SFSTs) on the asserted basis that the Sergeant had no independent recollection of Defendant's performance outside of his police report. [DS 24; MIO 12-14] As set forth in our notice, case law provides that a witness may properly testify when the witness has stated his or her memory is refreshed and the witness can testify, independent of the writing, from present recollection. *See State v. Orona*, 1979-NMSC-011, ¶ 23, 92 N.M. 450, 589 P.2d 1041; *see also State v. Macias*, 2009-NMSC-028, ¶ 25, 146 N.M. 378, 210 P.3d 804, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. Consistent with this case law, Sergeant Barraza testified on re-direct that, with everything he used to refresh his memory, he did have an independent memory of Defendant. [RP 134] Sergeant Barraza further clarified that he was testifying from his memory, which was refreshed by reading his police report, as opposed to reading his police report and still not

2

remembering any of the facts. [RP 130, 131-32, 134] Because Sergeant Barraza properly refreshed his memory and was testifying from his present recollection, we hold that his testimony about Defendant's performance on the SFSTs was properly admitted. *See State v. Stanley*, 2001-NMSC-037, ¶ 5, 131 N.M. 368, 37 P.3d 85 (providing that we will not disturb the lower court's ruling absent a clear abuse of discretion).

{3}     In holding that the district court did not abuse its discretion in admitting Sergeant Barraza's testimony relating to Defendant's performance on the SFSTs, we acknowledge Defendant's challenge to the truth of Sergeant Barraza's testimony that he had an independent recollection of the incident, especially given the lengthy passage of time. [MIO 19] We acknowledge too Defendant's effort to cast doubt on Sergeant Barraza's testimony by pointing to omissions of details in his police report regarding the odor of alcohol and presence of a passenger [MIO 19-21] and by emphasizing that Defendant's testimony conflicted with the Sergeant's testimony. [MIO 20] As provided in Issue (B), however, these were matters for the fact-finder to consider in weighing the evidence. *See generally State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (providing that the appellate courts do not re-weigh the evidence, nor substitute judgment for that of the fact-finder).

**{4}** In Issue (B), Defendant continues to challenge the sufficiency of the evidence to support his conviction. [DS 24; MIO 21] *See* NMSA 1978, § 66-8-102(A), (D)(3) (2010); UJI 14-4501 NMRA; *see also State v. Dutchover*, 1973-NMCA-052, ¶ 5, 85 N.M. 72, 509 P.2d 264 (observing that DWI may be established through evidence that the defendant's ability to drive was impaired to the slightest degree). For the same reasons detailed in our notice, we hold the evidence was sufficient. *See State v. Sparks*, 1985-NMCA-004, ¶ 6, 102 N.M. 317, 694 P.2d 1382 (defining "substantial evidence" as evidence that a reasonable person would consider adequate to support a defendant's conviction).

**{5}** In holding that the evidence was sufficient, we acknowledge Defendant's continued assertion that Sergeant Barraza's testimony about the SFSTs lacked sufficient reliability to prove impairment beyond a reasonable doubt. [DS 24; MIO 21] As provided in our notice, however, Sergeant Barraza's testimony about his observations of Defendant's performance on the SFSTs was one of several factors indicative of Defendant's impairment by alcohol and was a matter appropriate for the fact-finder's consideration. *See, e.g.*, *State v. Torres*, 1999-NMSC-010, ¶ 31, 127 N.M. 20, 976 P.2d 20 (recognizing that a defendant's performance on motor skills exercises is one of the self-explanatory tests that reveal common physical manifestations of intoxication); *State v. Neal*, 2008-NMCA-008, ¶ 27, 143 N.M. 341,

4

176 P.3d 330 (recognizing that the fact-finder could rely on common knowledge and experience to determine whether the defendant was under the influence of alcohol when considering the testimony as to the defendant's driving behavior, physical condition, admission of drinking, and performance on the field sobriety tests). And while Defendant continues to emphasize that he denied drinking on the night of the incident, thought he would be arrested for an outstanding warrant, and provided other explanations for the odor of alcohol such as passengers possibly emitting the odor [DS 24-25; MIO 21], these were matters for the fact-finder to consider. *See Sutphin*, 1988-NMSC-031, ¶ 21 (providing that the appellate courts do not re-weigh the evidence, nor substitute judgment for that of the fact-finder); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (recognizing that the fact-finder is free to reject the defendant's version of the facts"); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (providing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay).

{6}     To conclude, for the reasons detailed in our notice and discussed in this Opinion, we affirm.

{7}     **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**