This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                               **NO. 33,818**

**JEREMY GARCIA,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Defendant appeals his conviction for two counts of felony child abuse-intentional (no death or great bodily harm). [RP Vol.2/272] Our notice proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}     Defendant continues to argue that the evidence is insufficient to support his convictions. [DS 6; MIO4] *See* NMSA 1978, § 30-6-1(D)(1) (2009); *see also State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (setting forth our standard of review). For the reasons detailed in our notice, we hold that the evidence supports findings that Defendant—in a first incident—intentionally burned Victim's arm with a cigarette lighter when he was alone in the car with Victim; and that Defendant—in a second incident—intentionally burned Victim's lip while he was with Victim when mother was away at school. *See State v. Sparks*, 1985-NMCA-004, ¶¶ 6-7, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as evidence that a reasonable person would consider adequate to support a defendant's conviction).

{3}     In concluding that the evidence was sufficient to support Defendant's convictions, we acknowledge his continued argument that his convictions were based on circumstantial evidence and that such evidence provided the jury with no more than pure speculation with regard to who inflicted Victim's injuries. [MIO 1, 7-8] As we emphasized in our notice, however, given evidence that Victim's injuries were consistent with being burned by the car's cigarette lighter and happened during times

when Victim was alone with Defendant, we believe the jury could reasonably infer that Defendant caused Victim's injuries. *See State v. Aguayo*, 1992-NMCA-044, ¶ 12, 114 N.M. 124, 835 P.2d 840 (recognizing circumstantial evidence to support a conviction for child abuse resulting in death based primarily on evidence that the defendant had the best opportunity to inflict the injury); *State v. Sheldon*, 1990-NMCA-039, ¶ 10, 110 N.M. 28, 791 P.2d 479 (holding that the jury could reasonably infer based on circumstantial evidence that the defendant was the source of child's injuries when, among other factors, the defendant was in the house with the victim during the time when the injury must have occurred).

{4} Similarly, to the extent Defendant continues to assert that Victim's lip burn was not the result of abuse [DS 5; MIO 8], as pointed out in our notice, the jury in its role as fact finder could reject this view of the evidence and instead conclude that Defendant intentionally burned Victim. *See generally State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay); *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (recognizing that the jury is free to reject the defendant's version of the facts).

{5} Moreover, while Defendant maintains that the evidence is equally consistent with someone other than himself inflicting the injuries and with Victim's lip burn not

being the result of abuse [MIO 8], the fact finder, by convicting Defendant, necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence. *See State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the [fact finder] has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence.").

{6}     For the reasons detailed in our notice and provided above, we affirm.

{7}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**



_____
**M. MONICA ZAMORA, Judge**



_____
**J. MILES HANISEE, Judge**

4