This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

       **Plaintiff-Appellee,**

  **v.**                            **No. 34,838**

**NICHOLAS G.,**

       **Child-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}    Appellant Nicholas G. (Child) appeals from the bench trial adjudication for larceny ($250 or less). Our notice proposed to affirm, and Child filed a timely memorandum in opposition pursuant to a granted extension of time. We remain

unpersuaded by Child's arguments and thus affirm.

{2}     In issue (a), Child continues to argue there is a lack of sufficient evidence to support the district court's adjudication that Child committed larceny. [DS 4; MIO 2] *See State v. Dowling*, 2011-NMSC-016, ¶ 20, 150 N.M. 110, 257 P.3d 930 (setting forth the standard of review). As provided in our notice, evidence was presented that Child was seen crawling near Victim's desk near Victim's purse [DS 1-2, RP 34, 48], that money was subsequently found to be missing from Victim's purse [DS 2], and that in response to his encounter with Principal Speck, Child handed over money in his possession that exactly matched the amount and denominations that were missing from Victim's purse. [DS 2; RP 35] For the reasons detailed in our notice, we conclude that this evidence was sufficient to support the adjudication of larceny. *See* NMSA 1978, § 30-16-1(A) (2006) (defining larceny as "the stealing of anything of value that belongs to another"); *see also See State v. Sparks*, 1985-NMCA-004, ¶ 6, 102 N.M. 317, 694 P.2d 1382 (defining substantial evidence as that evidence which a reasonable person would consider adequate to support a defendant's conviction).

{3}     In holding that the evidence was sufficient, we acknowledge Child's continued arguments that there were opportunities for others to have taken the money from Victim's purse [DS 2] and that the State should have introduced the bills or photographs thereof to see if the bills returned to Victim were marked with Victim's

initials as they had been purportedly marked. [DS 2; MIO 3-4] As we emphasized in our notice, however, these were matters for the factfinder to consider. *See, e.g.*, *State v. Roybal*, 1992-NMCA-114, ¶ 5, 115 N.M. 27, 846 P.2d 333 (reiterating that appellate courts do not invade the province of the factfinder by second guessing its decisions concerning witness credibility or the weight of the evidence). We affirm.

{4} In issue (b), Child continues to argue that his confrontation rights were violated "because the State did not present any photographs or other evidence of the allegedly stolen money." [MIO 4; DS 4] As support for his continued argument, Child refers to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1. [MIO 4] We understand Child to refer to Victim's testimony that her money had been folded and had her initials on it, and to argue that had Child been able to examine the money or photographs of the money that he handed to the Principal, it would have lacked any initials or folds, thereby supporting his testimony that he did not take Victim's money. However, it was not necessary for the State to produce the actual money or photographs of it at trial, because Child was able to exercise his due process rights by confronting the witnesses who testified against him. *See, e.g., State v. Telles*, 2011-NMCA-083, ¶ 14, 150 N.M. 465, 261 P.3d 1097 (recognizing that the right of confrontation "guarantees the accused in a criminal trial the right to be *confronted with the witnesses against him*"

3

(emphasis added) (internal quotations and citation omitted)). We affirm.

**{5}** Lastly, in issue (c), Child again relies on *Franklin* and *Boyer* and continues to argue that his "search" without his parent present violated NMSA 1978, Section 32A-2-14 (2009) (setting forth the "basic rights" for a child subject to the Delinquency Act). Child provides that, while not certain, he believes this issue was preserved. [MIO 5] For the reasons explained in our notice, we disagree with Child's assertion that he was "searched" by the Principal, as the facts provide that he handed over the money without any search. [RP 35] Nevertheless, there is no requirement in Section 32A-2-14 that requires that a parent be present during any "search" or, for that matter, during any encounter or questioning between a principal and a child, or even during a "custodial interrogation." *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (providing that where a party cites no authority to support an argument, we may assume no such authority exists); *see also State v. Martinez*, 1999-NMSC-018, 127 N.M. 207, 979 P.2d 718 (noting that the Legislature has not established a requirement that parents be notified about a custodial interrogation of their juvenile child). We affirm.

**{6}** To conclude, for the reasons detailed in our notice and discussed above, we affirm.

**{7}** **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**RODERICK T. KENNEDY, Judge**

5